Ogonna M. Brown, NV Bar No. 7589
Eckley Keach III, NV Bar No. 14727
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:     702.949.8200
Fax:     702.949.8398
E-Mail: OBrown@lewisroca.com
E-Mail: EKeach@lewisroca.com

*Attorneys for Anne Pantelas, Oliver Hemmers, and
Infinity Health Solutions, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | **Case No. BK-21-14486-ABL** |
| | **Chapter** 7 |
| INFINITY CAPITAL MANAGEMENT, INC. | |
| Debtor. | |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP, | **Adversary Case No. 22-01109-ABL** |
| Plaintiff, | **DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT** |
| v. | |
| ANNE PANTELAS; OLIVER HEMMERS; and INFINITY HEALTH SOLUTIONS, LLC, | |
| Defendants. | |

COME NOW, Defendants Anne Pantelas ("Ms. Pantelas"), Oliver Hemmers ("Mr. Hemmers") and Infinity Health Solutions, LLC ("IHS") (collectively "Defendants"), by and through their counsel of record, Ogonna M. Brown, Esq, and Eckley Keach III, Esq., of the law firm Lewis Roca Rothgerber Christie LLP, and hereby file their Answer to Plaintiff's Adversary Complaint ("Complaint") as follows:

## PARTIES

1.     Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.     Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.     Defendants admit the allegations contained in Paragraph 4 of the Complaint.

118941609.1

**JURISDICTION AND VENUE**

5.    Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.    Defendants admit the allegations contained in Paragraph 6 of the Complaint.

**GENERAL ALLEGATIONS**

7.    Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.    Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.    Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.    Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.    Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.    Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in Paragraph 29 of the Complaint.

- 2 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants admit that a portion of the proceeds were used to pay debts owed from Infinity to Coastal Investments, PLC.   Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants admit that Robert Land sent an email to Hemmers with the subject line "Cloud Migration Update."   Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendants admit that Robert Land sent an email to Hemmers with the RX Portal Solutions is working."   Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants admit that Robert Land sent an email to Hemmers with the subject line "Move Status." Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

- 3 -

118941609.1

49.      Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.      Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.      Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.      Defendants admit that some employees of Infinity were hired by IHS. Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.      Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.      Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.      Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.      Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57.      Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.      Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.      Defendants admit the allegations contained in Paragraph 59 of the Complaint.

60.      Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.      Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.      Defendants admit the allegations contained in Paragraph 62 of the Complaint.

63.      Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.      Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.      Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66.      Defendants admit that Infinity operated a pharmacy card program through its website.  Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.      Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68.      Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.      Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.      Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.      Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.      Defendants deny the allegations contained in Paragraph 72 of the Complaint.

- 4 -

118941609.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

73. Defendants admit that the "Deleted Items" folders were empty. Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

118941609.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

- 6 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

118941609.1

119.   Defendants admit that in December 2019, Hemmers and Pantelas requested $3,400,000 to Infinity.  Defendants deny the remaining allegations contained in Paragraph 119 of the Complaint.

120.   Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.   Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.   Defendants deny the allegations contained in Paragraph 131 of the Complaint.

## GENERAL DENIAL

In addition to the specific denials of the allegations contained within paragraphs 1 through 131 of the Complaint, Defendants also generally deny all of the allegations in those paragraphs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

- 7 -

118941609.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

## SECOND AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Plaintiff's Complaint against Defendants is barred in whole or in part by the doctrine of equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's Complaint against Defendants is barred in whole or in part by the doctrine of wavier.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

At all times relevant to the allegations contained in the Complaint, Defendants acted with due care, circumspection, and good faith in the performance of any and all duties imposed on Defendants, including full performance of obligations, to the extent any, were owed to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (No Attributable Damages)

Plaintiff suffered no damages by reason of the acts complained of in the Complaint, or by any acts or omissions of Defendants. Damages and injuries, if any, suffered by Plaintiff are not attributable to any act, conduct, or omission on the part of Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's Complaint against Defendant is barred in whole or in part by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Defendants incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of damages awards that arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 559 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and their progeny.

. . .

- 8 -

118941609.1

**EIGHTH AFFIRMATIVE DEFENSE**
**(Superseding Intervening Cause)**

Plaintiff's damages, if any, were proximately caused or contributed to by the acts of other person and/or other entities; those acts were an intervening and/or superseding cause of Plaintiff's damages, if any, barring any recovering against Defendants.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff has failed in its duty to mitigate its future damages under the Agreement. To the extent Plaintiff has suffered any damages for which the law would provide a remedy, which Defendants deny, Plaintiff's damages must be reduced as a result of Plaintiff's failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**
**(No Consequential Damages)**

To the extent Plaintiff has suffered any damages for which the law would provide a remedy, which Defendants deny, Plaintiff is not entitled to an award of consequential damages or attorneys' fees.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Reduction of Damages)**

To the extent Plaintiff's damages, if any, were caused or exacerbated by any act, or failure to act, on the part of Plaintiff, any damages awarded to Plaintiff should be reduced accordingly.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Limitation on Liability)**

To the extent Plaintiff has suffered any damages for which the law would provide a remedy, which Defendants deny, any such damage resulted from the acts or omissions of person or entities other than Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

- 9 -

118941609.1

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

All possible affirmative and other defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to the Complaint.  Therefore, Defendants expressly reserve their right to amend their Answer to the Complaint to allege additional affirmative and other defenses if subsequent investigation so warrants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.      For Plaintiff to take nothing by virtue of its Complaint;

2.      For a judgment entered in favor of Defendants, and against Plaintiff on the Complaint and for all claims asserted therein;

3.      For reasonable attorneys' fees and costs; and

4.      For such other and further relief as the Court may deem just and proper.


DATED: September 22, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By: */s/ Ogonna Brown*
Ogonna Brown, Esq. (Bar No. 7589)
Eckley Keach III, Esq. (Bar No. 14727)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants Anne Pantelas, Oliver Hemmers, and Infinity Health Solutions, LLC*

118941609.1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Lewis Roca Rothgerber Christie LLP, and that on the 22nd day of September, 2022, I caused to be served a true and correct copy of **DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT,** in the following manner:

    ☒    (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

    ☐    (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

    ☐    (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

    ☐    (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

Dated: September 22, 2022.

By: */s/ Gabriela Mercado*
An employee of
Lewis Roca Rothgerber Christie LLP

- 11 -

118941609.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169