Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:   blarsen@shea.law
            kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>ANNE PANTELAS; OLIVER HEMMERS; and INFINITY HEALTH SOLUTIONS LLC,<br><br>Defendants. | Adversary Case No.: 22-01109-abl |

**NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A <u>BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)</u>**

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:

///

///

///

///

///

Page 1 of 3

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect"), by and through its undersigned counsel, intends to serve the *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)* attached hereto as **Exhibit 1** on FIRST AMERICAN TITLE INSURANCE COMPANY.

DATED this 4th day of October, 2022.

        **SHEA LARSEN**

        /s/ *Bart K. Larsen, Esq.*
        Bart K. Larsen, Esq.
        Nevada Bar No. 8538
        Kyle M. Wyant, Esq.
        Nevada Bar No. 14652
        1731 Village Center Circle, Suite 150
        Las Vegas, Nevada 89134

        *Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**CERTIFICATE OF SERVICE**

1.  On October 4, 2022, I served the following document(s): **NOTICE OF ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

2.  I served the above document(s) by the following means to the persons as listed below:

    ☒   a.  ECF System:

    OGONNA BROWN, ESQ. on behalf of DEFENDANTS ANNE PANTELAS, OLIVER HEMMERS, AND INFINITY HEALTH SOLUTIONS, LLC
    obrown@lewisroca.com

    ☐   b.  United States mail, postage fully prepaid:

    ☐   c.  Personal Service:

    I personally delivered the document(s) to the persons at these addresses:

    ☐   For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐   For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐   d.  By direct email (as opposed to through the ECF System):

    ☐   e.  By fax transmission:

    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    ☐   f.  By messenger:

    I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 4, 2022.

By: /s/ *Bart K. Larsen, Esq,*

# **EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of Nevada

In re **Infinity Capital Management, Inc.**
Debtor

Case No. **21-14486-abl**

*(Complete if issued in an adversary proceeding)*

**HASelect-Medical Receivables Litigation Finance Fund International SP**
Plaintiff

Chapter **7**

v.

**Anne Pantelas; Oliver Hemmers; and Infinity Health Solutions, LLC**
Defendant

Adv. Proc. No. **22-01109-abl**

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **First American Title Insurance Company, 2500 North Buffalo Drive, Suite 120, Las Vegas, NV 89128**
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Shea Larsen, 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134 | October 31, 2022 by 5:00 p.m. |

**\*\*Production to blarsen@shea.law is also acceptable\*\***

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **10/4/2022**

CLERK OF COURT

OR

_____         **/s/ Bart K. Larsen, Esq.**
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **HASelect-Medical Receivables Litigation Finance Fund International, SP**, who issues or requests this subpoena, are:

Bart K. Larsen, Esq., 1731 Village Center Circle, Suite 150, Las Vegas, NV 89134, blarsen@shea.law, (702) 471-7432

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 22-01109-abl    Doc 22    Entered 10/04/22 10:46:28    Page 6 of 12

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1. "**Bankruptcy Case**" means the voluntary chapter 7 case filed by Infinity Capital Management, Inc. in the United States Bankruptcy Court for the District of Nevada, Case No. 21-14486-abl, on September 14, 2021.

2. "**Communication**" means any oral or written statement, dialogue, colloquy, discussion, or conversation, and includes any transfer of thoughts or ideas or data or information, between persons or locations by means of any Documents or by any other means, including but not limited to electronic or similar means.

3. "**Control**" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

4. "**Document**" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records) as

well as all Electronically Stored Information ("ESI"), which refers to any type of information that is created, used, or stored in digital form and accessible by digital means, including but not limited to, all data, digital documents, email, electronic documents, and metadata of the same (and is further defined below). For the avoidance of doubt, Document includes but is not limited to all Communications.

5.  "**Hemmers**" refers to Oliver Hemmers and, where appropriate, all persons acting or purporting to act on his behalf.

6.  "**Infinity**" or "**Debtor**" refers to Debtor Infinity Capital Management, Inc., including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on its behalf, including its Representatives.

7.  "**Pantelas**" refers to Anne Pantelas and, where appropriate, all persons acting or purporting to act on her behalf.

8.  "**Person**" refers to any natural individual, governmental entity, or business entity, including a corporation, partnership, association, limited liability company, or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned, or controlled directly or indirectly or owning or controlling directly or indirectly any such entities as well as directors, officers, managers, employees, agents, attorneys, affiliates, or other representatives thereof, or third parties retained by any of the above.

9.  "**Petition Date**" refers to September 14, 2021.

10. The terms "**related to**", "**relate to**", or "**relating to**" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

11. "**Representative**" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

12. "**You**" or "**Your**" shall refer to First American Title Insurance Company, including its employees, directors, officers, agents, servants, subsidiaries, parent company, affiliated

company, and other persons acting or purporting to act on its behalf, including its Representatives.

**INSTRUCTIONS**

1. The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requested Documents any answer that might be deemed outside their scope by another construction.

2. When producing the Documents, please keep all Documents segregated by the file in which the Documents are contained and indicate the name of the file in which the Documents are contained, and the name of the Documents being produced.

3. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

4. In the event such file(s) or Document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

5. Each draft, final Document, original, reproduction, and each signed and unsigned Document and every additional copy of such Document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one Document produced shall be deemed and considered to constitute a separate Document.

6. If any of the Documents encompassed by the attached request for production of Documents is/are deemed by you to be privileged, furnish all non-privileged Documents and provide a log outlining all Documents claimed as privileged which includes: (a) the type of privilege claimed for each Document; (b) a brief description of the Document; (c) the author of the Document sufficient to identify it; (d) the recipient (if any); (e) the date of the Document.

7. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any Documents which might otherwise be construed to be outside the scope hereof.

8. In addition to Documents currently in your possession, custody or control, you are to produce all Documents within the scope of these requests that are not currently in your possession, custody, or control but can be obtained through reasonable effort.

9. This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas.

10. Unless otherwise stated, the following requests relate to the time period of January 1, 2020 through the date of your response.

## DOCUMENT PRODUCTION REQUESTS

1. All Documents associated with or included in your escrow file relating to the loan in the original principal amount of $367,500 made by Rocket Mortgage, LLC ("Rocket") to Hemmers and Pantelas on or about November 15, 2021 (Escrow No. 13895-2638531RC) (the "Loan") secured by a Deed of Trust recorded on November 16, 2021 in the official records of Clark County, Nevada as Instrument No. 20211116-0001025 against the real property located at 282 Gingerbread Street, Henderson, Nevada 89012, which is further identified as Clark County Assessor's Parcel No. 178-21-411-029 (the "Property").

2. All Communications between You and Pantelas regarding the Loan and/or the Property.

3. All Communications between You and Hemmers regarding the Loan and/or the Property.

4. All Communications and Documents between You and Rocket regarding the Loan

4

5

and/or the Property.

5. All Communications between You and any real estate broker or real estate sales agent acting on behalf of Hemmers and/or Pantelas in connection with their purchase of the Property.

6. All Documents evidencing the source of any funds used by Hemmers and/or Pantelas to pay any amounts due in connection with their purchase of the Property.