Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  blarsen@shea.law
         kwyant@shea.law

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>INFINITY CAPITAL MANAGEMENT, INC.<br><br>Debtor. | Case No. 21-14486-abl<br>Chapter 7 |
| HASELECT-MEDICAL RECEIVABLES LITIGATION FINANCE FUND INTERNATIONAL SP,<br><br>Plaintiff,<br><br>v.<br><br>ANNE PANTELAS; OLIVER HEMMERS; and INFINITY HEALTH SOLUTIONS LLC,<br><br>Defendants. | Adversary Case No.: 22-01109-abl<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES AND CONTINUE PROPOSED TRIAL READINESS DATE**<br><br>**[SECOND REQUEST]** |

HASelect-Medical Receivables Litigation Finance Fund International SP ("HASelect" or "Plaintiff"), by and through its undersigned counsel, and Defendants Anne Pantelas ("Pantelas"), Oliver Hemmers ("Hemmers"), and Infinity Health Solutions LLC ("IHS" and together with Pantelas and Hemmers, "Defendants"), by and through their undersigned counsel (each a "Party" and, collectively, the "Parties"), hereby agree and stipulate, pursuant to Local Rule 7026, to extend discovery deadlines as follows:[1]

---

[1] For clarity purposes, the discovery deadlines referenced herein are the ones set forth in the Order granting the Parties' first stipulation to extend discovery deadlines [ECF No. 29].

**A.     Discovery completed**

1. On October 5, 2022, HASelect served its initial disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1).

2. On October 21, 2022, Defendants served their initial disclosures pursuant to Fed. R. Bankr. P. 7026(a)(1).

3. On November 11, 2022, HASelect served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Hemmers.

4. On November 11, 2022, HASelect served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Pantelas.

5. On November 11, 2022, HASelect served its First Set of Interrogatories and Requests for Production on IHS.

6. On December 15, 2022, Hemmers served his responses to HASelect's First Set of Requests for Admission.

7. On December 15, 2022, Pantelas served her responses to HASelect's First Set of Requests for Admission.

8. On December 28, 2022, Hemmers served his responses to HASelect's First Set of Interrogatories.

9. On December 28, 2022, Pantelas served her responses to HASelect's First Set of Interrogatories.

10. On December 28, 2022, IHS served its responses to HASelect's First Set of Interrogatories.

11. On January 13, 2023, Hemmers served his responses to HASelect's First Set of Requests for Production.

12. On January 13, 2023, Pantelas served her responses to HASelect's First Set of Requests for Production.

13. On January 13, 2023, IHS served its responses to HASelect's First Set of Requests for Production and related privilege log.

14. On February 1, 2023, Hemmers served his First Set of Interrogatories and Requests for Production on HASelect.

15. On March 10, 2023, HASelect served its responses to Hemmers' First Set of Interrogatories and Request for Production.

**B.     Discovery remaining**

Discovery in this case has been ongoing and additional discovery remains to be completed, including, but not limited to: Depositions of each party or the party's representative;

1. Depositions of various third parties;

2. Subpoenas to various third parties;

3. Additional written discovery;

4. Meet and confer regarding allegedly deficient discovery responses; and

5. Possible motion practice regarding allegedly deficient discovery responses.

The Parties reserve their right to take additional depositions based on information disclosed in produced documents or obtained in the depositions the Parties have identified.

**C.     Reasons why discovery will not be completed within the time limit of existing deadlines**

This case arises from complex and largely disputed facts pertaining to, among other things, (1) the disposition of millions of dollars in loan proceeds disbursed by HASelect to Debtor Infinity Capital Management, Inc.'s ("Infinity") prior to the filing of its chapter 7 case, (2) alleged transactions and transfers between Infinity and Defendants, (3) the status and disposition of Infinity assets pledged as collateral for HASelect's loan, and (4) Defendants ongoing business activities through IHS. Investigation of this matter has required the review of extensive documents relating to business operations as well as documents obtained from several nonparties. This case is also intertwined with the related adversary proceeding between HASelect and Tecumseh-Infinity Medical Receivables Fund, LP, Adv. No. 21-01167, which has affected certain deadlines in this case. The Parties have worked diligently by engaging in discovery from the outset of this case, but the extent of the documents at issue in this matter are voluminous and require additional time for

review. There are also outstanding issues regarding allegedly deficient discovery responses that will require that the Parties meet and confer, which may also require motion practice.

The Parties believe that, given the situation as it presently exists, discovery cannot be accomplished by the current deadlines contained in the operative order [ECF No. 29]. This stipulation to extend the existing discovery deadlines is brought in good faith and not for the purpose of delay. Based on the information presented in this Stipulation, the Parties believe that good cause exists to extend discovery as proposed in order to permit the Parties to ensure that discovery is conducted in a thorough manner.

**D.     Proposed amended discovery schedule**

Based on the foregoing, the Parties have agreed to extend the remaining discovery deadlines by approximately ninety (90) days as follows:

| Event Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Close of Fact Discovery | 7/7/2023 | 10/2/2023 |
| Expert Disclosure Deadline | 7/7/2023 | 10/2/2023 |
| Rebuttal Expert Deadline | 8/1/2023 | 11/2/2023 |
| Expert Deposition Deadline | 8/25/2023 | 12/1/2023 |
| Dispositive Motion Deadline | 9/15/2023 | 12/22/2023 |
| Final List of Witnesses and Exhibits | 9/29/2023 | 1/15/2024 |
| Expected Trial Ready Date | 10/17/2023 | 2/15/2024 |

///
///
///
///
///
///
///

E.   **Current trial date**

There has been no formal trial date set via scheduling order or other order from the above-captioned court.

**IT IS SO STIPULATED**.

DATED this 29th day of June 2023.
**SHEA LARSEN**

/s/ *Bart K. Larsen, Esq.*
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

*Attorneys for HASelect-Medical Receivables Litigation Finance Fund International SP*

DATED this 29th day of June 2023.
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

/s/ *Ogonna M. Brown, Esq.*
Ogonna M. Brown, Esq.
Nevada Bar No. 7589
Eckley Keach III, Esq.
Nevada Bar No. 14727
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Anne Pantelas, Oliver Hemmers, and Infinity Health Solutions, LLC*

# CERTIFICATE OF SERVICE

1. On June 29, 2023 I served the following document(s): **STIPULATION TO EXTEND DISCOVERY DEADLINES AND CONTINUE PROPOSED TRIAL READINESS DATE [SECOND REQUEST]**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System: on all parties appearing and receiving notice in the above-referenced adversary proceeding.

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

   I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):

   ☐ e. By fax transmission:

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

   ☐ f. By messenger:

   I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 29, 2023.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432